UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES EARL JACKSON,**

    **Plaintiff,**

v.                                                  **Case No: 6:16-cv-602-Orl-37KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

                                                                          /

**ORDER**

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Plaintiff James Jackson pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), which seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision denying Plaintiff's applications for social security disability benefits. On July 20, 2017, United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation ("R&R," Doc. 20), where she recommends that the Commissioner's final decision be reversed and remanded for further proceedings. The Commissioner filed an objection to the R&R ("Objection," Doc. 21), to which Plaintiff filed a response ("Response," Doc. 22).

## I.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per

curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### A. Opinions of Dr. Youssef Guergues

On referral, Judge Spaulding determined that the ALJ did not provide a sufficient explanation for her according "little weight" to the functional capacity assessments of Plaintiff's treating physician, Dr. Youssef Guergues. (Doc. 20 at 14–15); *see also Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ("Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight."). Specifically, Judge Spaulding found that the ALJ's reliance on two excerpts from Dr. Guergues's treatment notes, while seemingly disregarding the rest of Dr. Guergues's extensive notes, was insufficient to provide good cause for giving Dr. Guergues's functional capacity assessment little weight. (Doc. 20 at 14–15). In the Objection, the Commissioner argues that "ALJs are not required to discuss in detail every piece of evidence and each sentence within a particular piece of evidence." (Doc. 21 at 2). The Commissioner further argues that, "the R&R ignores the fact that the ALJ also noted Dr. Guergues's opinion was repudiated by the testimony of a medical expert, orthopedic surgeon Frank Barnes, M.D., who reviewed the record and opined Plaintiff was not as limited as Dr. Guergues opined." (*Id.*). The Court rejects these arguments.

While the ALJ is not required to discuss in detail every piece of evidence, the ALJ is also not at liberty to "focus[] upon one aspect of the evidence and ignor[e] other parts of the record." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). But, this is precisely what the ALJ did. Before assigning "little weight" to Dr. Guergues's opinions, the ALJ did not discuss all of the elements contemplated by 20 C.F.R. § 416.927(c)(2)–(6), such as length of the treatment, the

extent of the treatment relationship, or Dr. Guergues's specialty. In fact, the ALJ failed to discuss the nature of Plaintiff's treatment altogether.

As Judge Spaulding points out, Dr. Guergues is a board certified anesthesiologist, whose expertise includes the treatment of pain. Plaintiff has presented to Dr. Guergues for treatment of chronic back pain for several years and has undergone multiple steroid injections after unsuccessful attempts at full relief with simple modalities, such as nonsteroidal medications, opiates, muscle relaxants, and therapy. (Doc. 10-16 at 124). During that time, Dr. Guergues's treatment notes reflect that Plaintiff has suffered from numbness, paresthesia, decreased range of motion, spasms, severe tenderness on palpitation, and positive straight-leg test. (*See, e.g.*, *id.* at 4, 43, 47, 50, 109–10, 112). The treatment notes also indicate that Plaintiff consistently suffered from "chronic" or "severe" back pain in 2014 and 2015. (*See, e.g.*, *id.* at 38, 40, 42, 48, 113). Dr. Guergues appears to link Plaintiff's pain and physical limitations, stating: "[Plaintiff] suffer[s] from chronic disabling pain which has caused psychological, social and *physical impairment*." (*Id.* at 107 (emphasis added)). Because the ALJ failed to discuss much of this evidence, it appears that the ALJ selectively chose to highlight only certain aspects of Dr. Guergues's treatment notes, while neglecting to address evidence that could have a significant bearing on Plaintiff's ability to work.

The Court recognizes that the ALJ relied on Dr. Barnes opinion as another basis for giving little weight to Dr. Guergues's opinion. However, a contradictory opinion by a non-examining, reviewing physician is insufficient to establish the "good cause" necessary to accord "little weight" to a treating physician's opinion. *Lamb*, 847 F.2d at 703; *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians, are entitled to little weight, and standing alone do not constitute

substantial evidence."). Accordingly, remand is necessary to allow the ALJ to explain her reasons for discounting Dr. Guergues's opinion.

### B. Opinions of Dr. Kollmer and Dr. Malik

Judge Spaulding also found that the ALJ erred by failing to state the weight given to the opinions of Charles E. Kollmer, M.D. and Vinod Malik, M.D. because the "Appeals Council explicitly directed the ALJ to state the weight given to all opinions and explain the weight given to such opinion evidence." (Doc. 20 at 16 (quotation omitted)). In response, the Commissioner argues that the ALJ's failure to state what weight she gave to the opinions of Dr. Kollmer and Dr. Malik was harmless error. (Doc. 21 at 3). The Court disagrees.

Although some courts have found an ALJ's failure to adhere strictly to an Appeals Council's remand order can constitute a harmless error when substantial evidence supports the ALJ's decision, *see, e.g.*, *Rogers v. Astrue*, No. 06-cv-01258-TAG, 2008 WL 850131, at *16 (E.D. Cal. Mar. 28, 2008), the ALJ's failure to state with particularity the weight given to Dr. Kollmer and Dr. Malik is not a harmless error because that omission makes it impossible for the Court to determine whether her decision is rational and supported by substantial evidence, *see Winschel v. Commn'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This is especially true given that the ALJ also failed to sufficiently explain why she accorded little weight to the opinion of Dr. Guergues.

### C. Use of a Cane

Finally, Judge Spaulding concluded that the ALJ erred in her residual functional capacity ("RFC") assessment by concluding that the Plaintiff's use of a cane was not medically necessary at all times. (Doc. 20 at 17–18). Despite the Commissioner's post-hoc rationalizations for the ALJ's decision, the Court agrees with Judge Spaulding. On March 3, 2015, John Parnell, M.D.

noted that Plaintiff had been "provided [with] a walking cane for assistance," and that it was "medically necessary [that] he be permitted to carry it w[ith] him at all times." (Doc. 10-16 at 54). Nevertheless, the ALJ failed to properly consider Plaintiff's need for a cane in the RFC assessment.

Further, as noted by Judge Spaulding, the ALJ's RFC assessment contemplated jobs that would require standing and walking up to 2 hours total. But no vocational expert testimony was elicited to determine whether there were jobs within the RFC that Plaintiff could perform with use of the cane. Accordingly, this case is due to be remanded on this basis as well.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record